STATE OF NEBRASKA, EX REL. ROYAL ARCANUM, V.
THOMAS H. BENTON, AUDITOR.

[FILED OCTOBER 26, 1892.]

**Life Insurance:** SECRET BENEVOLENT ORDERS: AUDITOR'S
CERTIFICATE : FEES. A secret benevolent order, which issues
certificates of indemnity solely to its members, whereby the
order obligates itself to pay a stipulated sum on the death of
any member to his widow or children, or other persons de-
pendent upon him, upon complying with all the requirements
of chapter 18, session laws of 1887, is entitled to a certificate
from the auditor authorizing it to transact business in this state
without paying the fees specified in section 32 of chapter 43 of
the Compiled Statutes.

ORIGINAL application for *mandamus.*

*Weaver & Giller,* for relator.

*George H. Hastings, Attorney General, contra.*

NORVAL, J.

This is an original application to this court for a per-
emptory *mandamus* to compel the respondent to issue to
relator a certificate of authority to transact business in this
state.

Relator is a secret benevolent and fraternal society, in-
corporated under the laws of the state of Massachusetts,
the management and control of which is confined exclu-
sively to its members, a part of whom are residents and
citizens of this state. The object and purpose of the soci-
ety, in addition to its benevolent and fraternal features, is
to issue certificates of indemnity to its members, promis-
ing to pay a specified sum of money, in case of the death
of any of its members, to the widow, orphan, or other per-
son dependent upon such member, all of which business

is done by and through councils, located in this and other states of the Union.

It is stipulated that relator has a sufficient membership to pay its certificates in full in case of the death of any of its members, by the usual mode of assessment; that it has filed a certificate in the office of the auditor of public accounts of this state, setting forth the total number of its members in good standing, the title and post-office address of each of its chief officers, its method of assessment upon which funds are provided to pay the certificates of indemnity by it issued, together with a certified copy of its constitution and by-laws; that on or about March 9, 1891, relator filed with the auditor a sworn statement, setting forth the total number of members in good standing on the first day of January, preceding; the total number of members who have been suspended for the non-payment of dues and assessments for the preceding twelve months, together with the amount of money paid to each, and the number of claims resisted, and the reason for resisting the payment thereof; the total amount collected for the payment of certificates of indemnity, and the amount due and unpaid upon certificates of deceased members; the total amount on hand in such fund, and the amount paid out of such fund; that relator has in all respects complied with the requirements of chapter 18, Session Laws, 1887, the same being "An act to exempt secret societies and associations from the requirements of chapter sixteen (16), of the Compiled Statutes of 1885, to define the duties, powers, and obligations of such societies and associations, and to provide penalties for violations thereof."

Respondent refuses to issue his certificate to the relator, for the sole reason that relator refuses to pay the fees provided by section 32, chapter 43, Compiled Statutes, which reads as follows:

"Section 32. There shall be paid by every company, association, person or persons, agent or agents, *to whom this*

*act shall apply,* the following fees: For examination and filing of the first application of any company, and issuing of the certificate of license thereon, fifty dollars, which shall go to the auditor; for filing each annual statement herein required, twenty dollars; for each certificate of authority, two dollars; for every copy of paper filed as herein provided, the sum of ten cents per folio, and fifty cents for certifying the same and affixing the seal of office thereto; all of which fees shall be paid to the officer required to perform the duties."

It will be perceived that the above quoted provisions, in express terms, only apply to such insurance companies, associations and persons as come within the purview of the act, of which said section is a part. The requirements of chapter 43 of the Compiled Statutes do not apply to secret societies or associations of the character of the relator, but such societies and associations are governed and controlled exclusively by the provisions of the legislative enactment of 1887 above referred to. Although said act requires the auditor to issue his certificate to transact business in this state to every secret society or association which, in addition to its fraternal and benevolent features, shall issue certificates of indemnity, obligating said society or association to pay a specified sum of money, in the event of the death, sickness, or disability, of any of the members thereof, to the wife, widow or orphans, or persons dependent upon such members, upon such society or association complying with all the requirements of said act, we are unable to find any provision therein authorizing the auditor to require or exact a fee for the issuing of his certificates to secret fraternal benevolent societies having an insurance feature. While the certificates of indemnity issued by societies of the kind and character of relator are, in form and substance, contracts of insurance, our conclusion is that such societies are not amenable to the provisions of said chapter 43 regulating insurance companies, and, there-

33

fore, relator is not required to pay the fees mentioned in section 32 of said chapter. It follows that, as the relator has complied with all the requirements of the statutes on its part to be complied with, it is entitled to a certificate authorizing it to do business in this state. Judgment must be entered in accordance with the prayer of the petition.

WRIT ALLOWED.

.The other judges concur.